[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14326
Non-Argument Calendar

_____

D. C. Docket No. 04-00031-CR-003

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2005
THOMAS K. KAHN
CLERK**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARANDA STARR DAVIS,
a.k.a. Mandy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 13, 2005)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

On April 29, 2004, a Southern District of Alabama grand jury indicted

appellant, Thomas Ray Cooper, Gary A. George, and Beverly Waddle on various drug charges. Appellant was charged in Count One with conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, and in Count Two with possession with intent to distribute 11.6 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Appellant pled not guilty and went to trial. On May 13, 2004, the jury found her guilty as charged, and on August 12, 2004, the district court sentenced her to concurrent prison terms of 121 months. She now appeals, challenging her convictions and sentences.

The convictions

1) On May 26, 2004, after the jury found appellant guilty as charged, co-defendant Cooper pled guilty to Count One of the indictment (and was scheduled to be sentenced on April 5, 2005).[1] On August 9, 2004, three days prior to her sentencing hearing, appellant moved the district court for a new trial based on newly discovered evidence—in the form of Cooper's testimony. The motion represented that Cooper, who would have invoked his Fifth Amendment right to stand silent had he been called to testify at appellant's trial, would testify in

_____

[1] According to the presentence investigation report ("PSI") prepared by the court's probation office, appellant told the probation office that she and Cooper had shared a common-law relationship for the past five years, dating back to 1999.

2

appellant's defense and provide exculpatory evidence were appellant granted a new trial. The district court denied the motion in a written order issued on August 25, 2004. We agree with the court's analysis of appellant's motion and find no reason for setting aside its order.[2]

2) Appellant asks that we vacate her convictions and remand the case for a new trial on the ground that the district court abused its discretion in sustaining a hearsay objection and thus precluding Cooper's grandmother, Gladys Cooper, from telling the jury why she wired money (from Alabama) to co-conspirator Charles Dean (who entered into a plea agreement and testified as a prosecution witness at appellant's trial) in Texas. Defense counsel wanted her to say that she wired the money to Dean—after he phoned her—because he said he was stranded and needed the money. Earlier, in the prosecution's case, Dean had testified that he never called Gladys Cooper—that he called Cooper and Cooper had Gladys Cooper wire him money to purchase methamphetamine.

The court precluded Gladys Cooper from stating why she sent Dean money because her statement would constitute rank hearsay, offered for the truth of its

---

[2] We review the denial of a motion for new trial based on newly discovered evidence for abuse of discretion, United States v. Jernigan, 341 F. #d 1273 (11th Cir. 2003), and find no abuse here.

3

contents, i.e., that Dean needed money because he was stranded.  We agree.[3]

Defense counsel now contends that her statement, relating what Dean said, was

admissible because it would have impeached Dean's statement that he never called

her.  Counsel did not present this ground to the district court; we therefore do not

consider it.

The sentences

Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403

(2004), and United States v. Booker, 543 U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d

621 (2005), considered together, hold that the Sixth Amendment bars the district

court from enhancing a defendant's sentence under a mandatory guidelines

sentencing system on the basis of facts the defendant neither admits nor the jury

finds beyond a reasonable doubt.  See United States v. Rodriguez, 398 F.3d 1291,

1298 (11th Cir. 2005)(the Sixth Amendment right to a jury trial is violated "where

under a mandatory guidelines system, a sentence is increased because of an

enhancement based on facts found by the judge that were neither admitted by the

defendant nor found by the jury.").  At her sentencing hearing, appellant objected

to the district court's enhancement of her offense level (1) on the basis of 11.6

---

[3] Defense counsel contended that the statement was admissible on two grounds: (1) to show Gladys Cooper's state of mind and (2) as *res gestae*.  We agree with the district court that Cooper's state of mind was irrelevant and that the statement was not *res gestae*.

grams of methamphetamine for which the court held her accountable and (2) for obstruction of justice pursuant to U.S.S.G. § 3C1.1., but she did not base her objection on the Sixth Amendment. We therefore review her claims of error for plain error.

To find plain error, we must conclude that (1) the district court committed error that (2) was plain or obvious, (3) affected the defendant's "substantial rights" in that she suffered prejudice, and (4) "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 730-36, 113 S.Ct 1770, 1776-1779, 123 L.Ed.2d 508 (1993). We find no Sixth Amendment violation regarding the 11.6 grams of methamphetamine because, as noted supra, the amount was alleged specifically in Count Two of the indictment and found by the jury in reaching its verdict of guilty on that count. Such is not the case, however, with respect to the obstruction of justice enhancement which increased appellant's offense level from 30 to 32 and thus her term-of-imprisonment sentence range (given her category I criminal history) from 97 to 121 months to 121 to 151 months. As mentioned above, the conduct was neither admitted by appellant nor found by the jury.

Accordingly, as in Rodriguez, we hold that the district court erred and that the error was plain—the first two prongs of the plain-error standard. Appellant has

5

not shown that her substantial rights were affected, though, because she has not established from the record before the district court that she would have received a lesser sentence had the court considered the Sentencing Guidelines advisory rather than mandatory.  <u>Rodriguez</u>, 398 F. 3d at 1301.  Because appellant fails to satisfy plain error's third element, we need not consider the fourth element; hence, her sentences, like her convictions, are due to be affirmed.

AFFIRMED.

TJOFLAT, Circuit Judges, concurring specially:

As the court properly holds, in enhancing the defendant's sentences, the district court committed Booker error that is plain. Ante at ___. Turning to the third prong of the plain-error inquiry, the court concludes that appellant failed to establish that the court would likely have imposed lesser sentences had it treated the Guidelines as advisory rather than mandatory. Ante at ___.

As I explain in my dissent to the court's refusal to rehear Rodriguez en banc, the enhancement of a defendant's sentence on the basis of facts the defendant neither admits nor the jury finds beyond a reasonable doubt is structural error; hence, the third prong of the plain-error test is inapplicable. See United States v. Rodriguez, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, we should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed.2d 508 (1993). We decline to take that step, however, because the prior-panel rule requires that we adhere to Rodriguez's holdings.